DENTAL COMPANY OF AMERICA, PETITIONER, *v.* COMMISSIONER. OF
INTERNAL REVENUE, RESPONDENT.

LEE S. SMITH & SON CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL
REVENUE, RESPONDENT.

Docket Nos. 11474, 21982.  Promulgated June 13, 1928.

*S. Leo Ruslander, Esq.,* for the petitioners.
*Harry LeRoy Jones, Esq.,* for the respondent.

## OPINION.

STEFKIN: The only issue in this proceeding is whether, in the computation of the gain or loss resulting from the sale of the capital assets of the Dental Company of America, any amount of cost is properly attributable to certain molds, patents, casts, formulae and equipment paid in to the said company at organization for capital stock.

These assets were acquired in 1917, and the basis for determining the gain derived or loss sustained upon the sale of assets acquired after March 1, 1913, is governed by section 202 (*a*) (2) of the Revenue Act of 1918 which provides:

In the case of property acquired on or after that date, the cost thereof; or the inventory value, if the inventory is made in accordance with section 203.

The amount of depreciated cost attributable to the other assets sold, and the amount of the total sales price, are not at issue here. The respondent has failed to allow any value for the assets acquired at organization.

A witness who was the bookkeeper for W. Linford Smith before the organization of the petitioner, who helped appraise the assets acquired by the petitioner at organization, and who became the treasurer of the petitioner, testified that the assets had a value, at acquisition by the petitioner, of $90,000 to $100,000. He testified that he did not know anything about the formulae transferred and

did not go into detail in stating what assets were transferred. Considering the doubtful qualifications of the witness to state an opinion of the value of the assets, some of which he was unfamiliar with, and the fact that he went into no detail as to the basis for his valuation, we are of the opinion that his testimony is not entitled to sufficient weight to overcome the presumption of the correctness of the respondent's determination.

The fact that $5,628.79 par value of stock of the petitioner was issued to Smith for cash is not indicative of the value of the stock, since Smith acquired all of the stock. Nor is the value of the stock established by the earnings of the petitioner subsequent to organization.

In view of all the evidence, we must hold that the petitioner has failed to show any definite amount of value at acquisition attributable to the molds, patents, casts, formulae and equipment, and consequently he has failed to establish a basis for determining the gain derived or loss sustained upon the sale thereof in 1920.

It is admitted in the answer that the respondent erred in denying to the petitioner, Dental Company of America, the right to file a consolidated return with Lee S. Smith & Son Mfg. Co., and Lee S. Smith & Son Co.

*Judgment will be entered under Rule 50.*